FILED
CHARLOTTE, NC

JAN 25 2010

U.S. DISTRICT COURT
WESTERN DISTRICT OF NC

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:09cv118

TELESIS COMMUNITY CREDIT UNION )
)
    Plaintiff, )
)
v. )
)
MANTIFF 1215 STATESVILLE )    **ORDER**
HOSPITALITY LLC, a/k/a VISION ONE )
HOSPITALITY MANAGEMENT, LLC, )
PRAKASH VYAS, FALGUN DHARIA, & )
VISION ONE HOSPITALITY LLC, )
)
    Defendants. )
)

    **THIS MATTER** is before the Court on Plaintiff's Motion for Temporary Restraining Order and Memorandum in Support (Document #20), filed January 21, 2010.

    Plaintiff loaned the sum of $5,100,000.00 to Defendant Mantiff 1215 Statesville Hospitality LLC ("Mantiff") and Defendants Prakash Vyas and Falgun Dharia ("individual defendants"), Mantiff's sole owners, on March 13, 2008. In return, Mantiff and the individual defendants executed a Note, a Deed of Trust, and an Assignment of Rents and Security Agreement in favor of Plaintiff. The individual defendants served as guarantors of these instruments.

    The property that is the subject of these instruments ("Property") is a piece of commercial property in Statesville, NC. This Property includes a hotel, which is currently operated as a Holiday Inn franchise. Defendant Vision One Hospitality LLC ("Vision One") manages the hotel and is the tenant occupying the Property pursuant to a lease with Mantiff.

    In its Second Amended Complaint, Plaintiff seeks foreclosure of the Property. Plaintiff also

1

seeks enforcement of an Assignment of Rents, an order authorizing inspection of the Property, and possession of the Property should certain obligations not be met by the current tenant.

According to Plaintiff's verified motion for a temporary restraining order, Mantiff and the individual defendants have failed to make the scheduled payments due on the Note subsequent to June 10, 2009. As such, the Deed of Trust gives Plaintiff the right to enter onto the Property and to take possession from these defendants. For the same reason, the Assignment of Rents agreement gives Plaintiff the right to direct payment of rent from Vision One.

At present, Holiday Inn is in the midst of a nationwide upgrade of its existing hotels. In order to avoid forfeiting the Holiday Inn franchise being operated on the property at issue, $100,000.00 must be provided to Holiday Inn by January 31, 2010 as payment for this "re-launch." Although Vision One is required to maintain the Property as a Holiday Inn, this money has not yet been paid. Loss of the franchise would severely damage the value of the Property, as there are limited other uses available due to its design.

In the motion for temporary restraining order, Plaintiff requests that the Court provide Plaintiff with access to the Property in order to enforce the terms and conditions of the Note and Deed of Trust and authorize Plaintiff to take all actions necessary to facilitate enforcement of the same, such as opening and/or removing any locked barriers, doors, and gates at the Property; that the Court enjoin defendants from any interference regarding enforcement and facilitation of this Order; and that the Court enjoin the defendants from damaging or dismantling the Property, including abandoning or compelling abandonment of the Property by the tenant in an eviction action. Plaintiff also asks the Court to enjoin Holiday Inn from withdrawing the franchise from the Property and to compel Holiday Inn to accept the re-launch funds from Plaintiff.

## ANALYSIS

The legal standard for issuance of a Temporary Restraining Order is the same as that for a Preliminary Injunction. Commonwealth of Virginia v. Kelly, 29 F. 3d 145, 147 (4th Cir.1994). According to the Fourth Circuit Court of Appeals, in considering whether to grant injunctive relief, the following factors are relevant:

> 1) the likelihood of irreparable harm to the plaintiff if the relief is denied;
>
> 2) the likelihood of harm to the defendant if the requested relief is granted;
>
> 3) the likelihood that the plaintiff will succeed on the merits; and
>
> 4) the public interest.

Direx Israel, Ltd. v. Breakthrough Medical Corp., 952 F.2d 802, 812 (4th Cir. 1991) (citations omitted).

In the present case, the likelihood of irreparable harm to the Plaintiff if relief is denied is great. If Plaintiff cannot take possession of the Property and maintain ownership of the Holiday Inn franchise by submitting the $100,000.00 re-launch payment, the value of the Property will be substantially diminished, and Plaintiff will lose a significant portion of its collateral. Granting possession to Plaintiff will also prevent any waste on the part of defendants. Lastly, giving plaintiff control of the Property will prevent the irreparable harm that would occur if Vision One abandoned the Property while guests remained in the hotel.

The likelihood of harm to the defendants if the relief is granted is small. If Mantiff is entitled to continued ownership of the Property, this can be fixed at a later date, and no harm to Mantiff's interest will occur in the meantime. Plaintiff will take care of the Property in order to maximize its value to Plaintiff, and Plaintiff does not have plans to alter or sell the Property. Instead, Plaintiff

3

merely wishes to continue the operation of the Holiday Inn franchise that currently exists on the Property. Vision One will also not suffer harm, as the terms of its lease will remain the same, albeit with a different landlord.

At present, the likelihood that Plaintiff will prevail on the merits appears substantial. Plaintiff has submitted a verified motion stating that Mantiff and the individual defendants have been in default of their obligations for over six months.

Finally, the public interest does not tilt strongly in either direction. However, the public will likely benefit from the continued operation of the Property as an economically productive business rather than allowing the Property to become vacant.

Because the facts in Plaintiff's motion warrant immediate relief lest irreparable injury occur, and because Plaintiff's counsel informed Defendants' counsel of the contents of this motion, the Court finds that the issuance of a temporary restraining order is appropriate under the circumstances. See FED. R. CIV. P. 65(b).

**WHEREFORE**, for the foregoing reasons, the Court **GRANTS** Plaintiff's Motion for a Temporary Restraining Order, as follows:

(1) Plaintiff shall be given access to the Property in order to enforce the terms and conditions of the Note and Deed of Trust and shall have authority to take all actions necessary to facilitate enforcement of the same, such as opening and/or removing any locked barriers, doors and gates at the Property;

(2) Defendants are enjoined from any interference regarding enforcement and facilitation of this Order and are further enjoined against damaging or dismantling the Property, including abandoning or compelling abandonment of the Property by the tenant in this or any other

eviction action;

(3) None of the defendants shall remove any tangible personal property from the leased premises without advance explicit approval by the Court;

(4) Any future rent payments by Vision One shall be made directly to Plaintiff; and

(5) Holiday Inn is authorized to accept payment of the re-launch fee from Plaintiff.

**IT IS FURTHER ORDERED** that copies of this Order shall be served on all parties to this action. If requested by Plaintiff, a U.S. Marshal or Deputy Sheriff shall serve this Order on Defendants at the subject Property.

**IT IS FURTHER ORDERED** that all parties shall appear before this Court at 10:30am on January 29, 2010 in Courtroom One, United States District Court for the Western District of North Carolina, Statesville Division. At such time, the Court will conduct a hearing on this matter to determine whether the Temporary Restraining Order shall be dissolved or whether a Preliminary Injunction shall issue.

**IT IS FURTHER ORDERED** that this Temporary Restraining Order shall remain in full force and effect until this hearing is held. The Court shall remain accessible on short notice should any party perceive that this Order might tend to work a hardship in any respect or if clarification may be needed.

**SO ORDERED** this the 25th day of January, 2010, at 10:30am.

*[signature]*
Richard L. Voorhees
United States District Judge