UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:09cv118

| | |
|---|---|
| TELESIS COMMUNITY CREDIT UNION ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MANTIFF 1215 STATESVILLE ) <br> HOSPITALITY LLC, a/k/a VISION ONE ) <br> HOSPITALITY MANAGEMENT, LLC, ) <br> PRAKASH VYAS, FALGUN DHARIA, & ) <br> VISION ONE HOSPITALITY LLC, ) <br> ) <br> Defendants. ) <br> _____ ) | **ORDER** |

**THIS MATTER** is before the Court on Plaintiff's Motion for Temporary Restraining Order and Memorandum in Support (Document #20), filed January 21, 2010 and Plaintiff's Supplemental Motion for Preliminary Injunction (Document #23), filed January 28, 2010. After granting Plaintiff's Motion for a Temporary Restraining Order (Document #21) on January 25, 2010, the Court held a hearing for the purpose of determining whether to grant a Preliminary Injunction extending or modifying the terms of the Temporary Restraining Order. This hearing was held on January 29, 2010, and all parties were represented at the hearing. At the conclusion of the hearing, the Court granted Plaintiff's Motion for a Preliminary Injunction, as described herein.[1]

The Court makes the following **FINDINGS OF FACT:**

1. The jurisdictional prerequisites have been met.

---

[1] The instant Order serves only as a record of the Court's Order announced at the conclusion of the January 29, 2010 hearing. It does not alter the earlier oral Order.

1

2. The defendant Mantiff is in default in payment of the note.

3. Defendant Vision One is in default of its obligations under the lease.

4. Plaintiff accelerated the balance of the indebtedness on the note upon default.

5. Under the terms of the security agreements, particularly the deed of trust and lease and assignment of leases and rents, Plaintiff is entitled to immediate possession of the leased premises as a result of the defaults.

6. The franchise agreement currently permitting the premises to be operated as a Holiday Inn franchise is in serious jeopardy of being lost; and that if lost, the value of the hotel property as collateral for the indebtedness to Plaintiff would decrease by approximately two and a half million dollars. The Tenant, Vision One Hospitality LLC, and Landlord, namely Mantiff, are not currently in a position to finance or pay for the requirements to continue the franchise and its relaunch and to bring Plaintiff current on the note and lease, and each passing day increases the risk of revocation of the franchise.

7. Efforts have been made by the tenant to maintain the franchise and those efforts have possibly extended the absolute deadline for effecting the relaunch of the hotel franchise with the Holiday Inn, but those efforts have not been accompanied by a concomitant effort to satisfy or defer the obligations to Plaintiff under the pertinent security documents. Thus, the remedies of Plaintiff under those documents are invoked appropriately by way of this action.

8. The primary losses which might be projected to defendants are monetary in nature and can be allayed by a money judgment against Plaintiff secured by appropriate

bond.

In light of the foregoing, the court reaches the following **CONCLUSIONS OF LAW:**

1. That Plaintiff is likely to succeed on the merits. No evidence has been presented to support a denial by defendants of the allegations of default.

2. That Plaintiff is likely to suffer irreparable harm in the absence of preliminary relief.

3. That the balance of equities tips in Plaintiff's favor.

4. That an injunction is in the public interest. The status of the property as a viable Holiday Inn is a significant advantage to the public and the community.

**WHEREFORE THE COURT HEREBY ORDERS:**

1. That bond -- or other security or surety acceptable to the court -- be set at $1 million.

2. That Plaintiff is granted a Preliminary Injunction extending the terms and conditions of the original Temporary Restraining Order, as well as granting Plaintiff sole physical possession of the property, which the Tenant and other defendants shall vacate by February 1, 2010, at 12 noon. However, this Order shall not take effect until Plaintiff has posted a satisfactory bond with the Court.

3. That Holiday Inn is authorized to rely on the terms of this Order in all respects and may enter into such arrangements with Plaintiff or other parties respecting the franchise associated with the parties concerning the hotel property as it may deem appropriate.

4. That Defendant Vision One and its owner Sunny Bhawnani may continue to disburse money in the ordinary course of business from any bank accounts associated with the

Property, but they shall not empty those accounts at this time. If Plaintiff believes that the Security Instruments entitle it to possession of the money in Vision One's operating accounts, Plaintiff shall submit a motion to this court specifying its reasons for so believing before posting bond with the Court and taking possession of the Property. If no such motion is filed, Defendant Vision One shall be entitled to all money deposited in its accounts at the time Plaintiff takes possession of the Property.

5. That Bhawnani is entitled to remove any personal effects from the hotel before possession changes. To the extent the parties disagree as to what qualifies as personal effects, the parties are encouraged to first attempt to resolve the issue amongst themselves. If this fails to settle the dispute, the parties may then submit a motion to the court for adjudication.

5. That Bhawnani shall remain the manager of the Property until such time as Plaintiff takes possession. However, Bhawnani is encouraged to work with Plaintiff's agents to facilitate a smooth transition and to accommodate hotel employees who may be understandably anxious to know their futures.

**SO ORDERED.**

Signed: February 1, 2010

Richard L. Voorhees
United States District Judge