UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:09cv118

| | |
|---|---|
| TELESIS COMMUNITY CREDIT UNION )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MANTIFF 1215 STATESVILLE )<br>HOSPITALITY LLC, a/k/a VISION ONE )<br>HOSPITALITY MANAGEMENT, LLC, )<br>PRAKASH VYAS, FALGUN DHARIA, & )<br>VISION ONE HOSPITALITY LLC, )<br>)<br>Defendants. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on Defendant Vision One Hospitality LLC's ("Vision One") Motion to Dissolve Preliminary Injunction (Document #26), filed February 8, 2010, Plaintiff Telesis Community Credit Union's ("Telesis") Response in Opposition (Document #29), filed February 12, 2010, Telesis's Supplemental Memorandum (Document #30), filed February 15, 2010, Vision One's Response in Support (Document #31), filed February 15, 2010, Telesis's Second Supplemental Memorandum (Document #32), filed February 17, 2010, and Telesis's Motion to Strike (Document #33), filed February 17, 2010. This matter is now ripe for disposition.

The relevant facts are amply stated in this Court's Temporary Restraining Order (Document #21) and Preliminary Injunction (Document #24) and will not be reiterated here. In the instant motion, Vision One asks the court to dissolve its Preliminary Injunction on the basis of changed circumstances. Specifically, Vision One states that since the date the Injunction was issued, Telesis has decided not to renew the franchise agreement with Holiday Inn.

1

A preliminary injunction may be modified where warranted by a change in the law or the circumstances. See United States v. Snepp, 897 F.2d 138, 141 (4th Cir. 1990); see also Fed. R. Civ. P. 60(b)(5) (permitting relief from an order if "applying it prospectively is no longer equitable"). However, a request for modification does not allow the moving party to challenge the legal conclusions on which the earlier order rests. Horne v. Flores, 129 S. Ct. 2579, 2593 (2009). The party seeking relief from an order on the grounds that the order is no longer equitable bears the burden of establishing that changed circumstances warrant relief. Id.

In the present case, Vision One has not shown a sufficient change in law or circumstances to warrant relief. Vision One does not contend that the applicable law has changed. Instead, Vision One avers that Telesis has decided not to pursue the relaunch of the hotel franchise with Holiday Inn and argues that this is a sufficient change in circumstances to warrant relief. The court disagrees.

First, Vision One has not shown in the instant motion that it is any more likely to prevail on the merits than in the past. Second, as Vision One is in default of its rent payments and has made no effort to bring these payments current, the balance of equities remains in Telesis's favor. Third, there is no change in the public interest.

Vision One's allegations, if true, do have some effect on the court's analysis of irreparable harm. However, this prong of the injunction analysis still supports Telesis's possession of the property. The loss in value to the hotel property if the franchise agreement was lost was the court's main concern in granting the Preliminary Injunction, and it is undisputed that Telesis is currently working to secure a franchise agreement from a national hotel chain. Whether the ultimate franchisor is Holiday Inn or some other recognizable hotel brand, the resulting franchise will preserve the value of the property. In contrast, Vision One has not shown that if returned to

2

possession of the property it would be able to either maintain the Holiday Inn franchise or secure any other franchise agreement. Although Vision One argues that it will be forced to pay penalties to Holiday Inn if the franchise agreement is not continued, this harm will occur regardless of Vision One's possession of the property, since Vision One has not shown that it could make the payments necessary to preserve the franchise in any case. Finally, the risk of abandonment if Vision One is put in possession remains unchanged.

**WHEREFORE**, for the foregoing reasons, Vision One's Motion to Dissolve Preliminary Injunction is **DENIED**. As a result of this order, Telesis's Motion to Strike is now **MOOT**.

Signed: March 5, 2010

Richard L. Voorhees
United States District Judge