UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:09cv118

| | |
|---|---|
| TELESIS COMMUNITY CREDIT UNION ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MANTIFF 1215 STATESVILLE ) <br> HOSPITALITY LLC, a/k/a VISION ONE ) <br> HOSPITALITY MANAGEMENT, LLC, ) <br> PRAKASH VYAS, FALGUN DHARIA, & ) <br> VISION ONE HOSPITALITY LLC, ) <br> ) <br> Defendants. ) <br> _____ ) | **ORDER** |

**THIS MATTER** is before the Court on Defendant Vision One Hospitality LLC's ("Vision One") Motion for Order Allowing Removal of Personal Property (Document #25), filed February 5, 2010, Plaintiff Telesis Community Credit Union's ("Telesis") Cross-Motion for Possession of Items Located at Subject Property (Document #38), filed February 22, 2010, and Vision One's Reply (Document #40), filed March 4, 2010.

The background facts of this case are explained more fully in the Court's Temporary Restraining Order (Document #21) and Preliminary Injunction (Document #24) and shall not be repeated in their entirety here. Relevant to the instant motions, the Court's Preliminary Injunction granted possession of a Holiday Inn located in Statesville, North Carolina to Telesis. This property is owned by Defendant Mantiff 1215 Statesville Hospitality LLC ("Mantiff") subject to a Deed of Trust and Assignment of Leases and Rents in favor of Telesis. After acquiring the property, Mantiff had leased the premises to Vision One to operate as a Holiday Inn. Since June 2009, Mantiff has

1

failed to make payments on the promissory note that is secured by Telesis's deed of trust. Vision One has likewise failed to make its rent payments since on or about November 2009.

In its motion, Vision One asks the Court to permit removal of: "4 Lobby Furniture Sofas, 1 Lobby TV, 2 Guest Laundry, 2 Projectors, Maintenance Equipment, Plasma tvs, Pana H4DAX60 TV, Amana 12000BTU, Cissell Model T075 Dryer, 50 single line speaker phones, King Bed Set, Washer (coin operated), Dryer (coin operated), Office chair, Vista T3604, MS Office 07, Brother 2910, Compaq harddrive, Monitor, 1520 copy machine, Brother 2820 laser, 132 24" towel shelves, 4 comp fridge, 3 microwave, 5 refrigerators, 3 microwaves, Am Hotel Register LINENS, Bedding, physicians scale, 2 way radio walkie/talkie, Liquor." (Vision One Ex. A.)

## ANALYSIS

In its Order granting a Preliminary Injunction, the Court allowed Vision One's owner to remove any "personal effects" from the property. The Court finds that the items described above are not in the nature of personal effects but fall instead within the categories of equipment and furniture that are necessary for the successful operation of a hotel as a business. As such, these items do not fall within the purview of that portion of the Court's earlier order allowing Vision One's owner to remove any "personal effects" from the property.

Furthermore, the Court finds that the Deed of Trust, Assignment of Leases and Rents, and the Lease grant Telesis a security interest in the above-described property. To begin, paragraph 4(a) of the Assignment of Rents and Leases between Telesis and Mantiff provides that "Borrower absolutely and unconditionally assigns and transfers to Lender all of Borrower's right, title and interest, in, to and under the Leases." The lease itself, executed between Mantiff and Vision One, states that:

2

> Tenant will attorn to any transferee, assignee or purchaser of Landlord's interest in the Lease. Any such assignee and/or purchaser of Landlord's interest in the Lease will take title to the Property subject to the terms of this Lease and Tenant's occupancy of the Property will not be disturbed except in accordance with the Terms of this Lease."

(Lease Part E, ¶17.) In addition, Part E, paragraph 27 of the Lease states that the "Landlord may subordinate this lease to any future ground Lease, deed of trust, or mortgage encumbering the Property." Based on these contractual provisions, the Court determines that Telesis is entitled to exercise all rights granted to the Landlord under the lease between Mantiff and Vision One.

That lease provides:

> In addition to any Statutory Landlord's lien, Tenant hereby grants to Landlord a security interest to secure payment of all Rent and other sums of money becoming due under this Lease from Tenant, upon all inventory, goods, wares, equipment, fixture, furniture, and all other personalty of Tenant situated in or upon the Property, together with the proceeds from the sale or lease thereof . . . Upon the occurrence of an event of default, Landlord may, in addition to any other remedies provided in this Lease or by law, enter upon the Property and take possession of any and all goods, wares, equipment, fixtures, furniture and other personalty of Tenant situated on the Property without liability for trespass or conversion, and sell personalty at public or private sale . . . .

(Id. Part E, ¶19.) The same lease later provides more succinctly that "Tenant grants Landlord a security interest . . . in Tenant's personalty now or subsequently located on the Property." (Id. Part E, ¶9.)

In sum, as to the items contested in the motions now before the Court, the Court holds first that they are not the type of personal effects that were contemplated by the preliminary injunction. Secondly, the Court finds that Telesis is likely to prevail on the merits and to obtain full legal possession of these items at the conclusion of this case. Vision One has provided no argument as to why the provisions of the security instruments recited

above should not be enforced. Further, Vision One still has not provided any evidence to the Court indicating that Vision One was not and is not in default of its obligations under the terms of its lease with Mantiff.

**WHEREFORE**, for the foregoing reasons, **IT IS HEREBY ORDERED** that Vision One's Motion for Order Allowing Removal of Personal Property (Document #25) is **DENIED** and that Telesis's Cross-Motion for Possession of Items Located at Subject Property (Document #38) is **GRANTED** pending a further resolution of competing claims on the merits. Telesis shall not dispose of this property prior to a final order on the merits.

Signed: March 5, 2010

Richard L. Voorhees
United States District Judge