UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:09-CV-118

| | |
|---|---|
| TELESIS COMMUNITY CREDIT UNION, )<br>Plaintiff, )<br>)<br>v. )<br>)<br>MANTIFF 1215 STATESVILLE )<br>HOSPITALITY LLC, A/K/A )<br>VISION ONE HOSPITALITY MANAGEMENT, )<br>LLC; PRAKASH VYAS, FALGUN DHARIA, )<br>and VISION ONE HOSPITALITY LLC, )<br>Defendants. )<br>_____ ) | **ORDER** |

**THIS MATTER** came before the Court on Plaintiff's Motion for Summary Judgment, filed March 2, 2010, (Document # 39) against Defendant Mantiff 1215 Statesville Hospitality, LLC a/k/a Vision One Hospitality Management, LLC, whose members are Defendants Prakash Vyas and Falgun Dharia [the "Mantiff Defendants"] as well as Defendant Vision One Hospitality, which now consents to Plaintiff's Motion for Summary Judgment. Upon consideration of the Motion and pertinent portions of the record, the Court finds that a hearing is not required, the Court is otherwise fully advised in the premises, and the Court finds as follows:

On October 29, 2009, Plaintiff filed this diversity action for judicial foreclosure of the Property as well as rent, inspection and possession of 1215 Garner Bagnal Boulevard, Statesville, North Carolina 28667 [the "Property"], amended twice, served upon Defendant Mantiff 1215 Statesville Hospitality, LLC a/k/a Vision One Hospitality Management, LLC on January 14, 2010 and Prakash Vyas and Falgun Dharia on January 14, 2010, and upon Defendant Vision One Hospitality on January 27, 2010, all of whom have answered the Second Amended Complaint, filed January 14, 2010. However, Defendants Mantiff 1215 Statesville Hospitality, LLC a/k/a Vision One Hospitality

1

Management, LLC, Prakash Vyas and Falgun Dharia have not presented any affirmative defense to this case in their Answer (Document # 19) and have not responded to Plaintiff's Motion for Summary Judgment as required by law. Only Defendant Vision One Hospitality has filed a response to Plaintiff's Motion for Summary Judgment dated March 19, 2010, (Document # 43), which it now withdraws, and Defendant Vision One Hospitality also withdraws any further claim to the Property and the contents of the Property.

In addition, Defendant Vision One Hospitality withdraws any attempt to dispute the default upon the Plaintiff's Note and Deed of Trust, as well as default of the Defendant Vision One Hospitality's Lease with the other Defendants. The defaults on these instruments have been established by the Court at the hearing for Preliminary Injunction on January 29, 2010, (Document # 24) in the Court's Order entered March 5, 2010 denying the Defendant Vision One Hospitality's Motion to Dissolve Preliminary Injunction (Document # 41) and in the Court's Order entered March 5, 2010 granting Plaintiff's Cross-Motion for Possession of Items contained at the Property (Document # 42). Shailendra Kumar Bhawnani a/k/a Sunny Bhawnani and Defendant Vision One Hospitality LLC waive all further right, title, estate, claim and interest in 1215 Garner Bagnal Boulevard, Statesville, North Carolina 28667 and its contents, including any personal property and any and all claims to same in this or any other case, as well as waiving any claim to the bond that Plaintiff posted in this case. Plaintiff stipulates and agrees that, aside from the *in-rem* foreclosure itself, no judgment, costs or other in-personam relief are sought and should not be entered against Shailendra Kumar Bhawnani a/k/a Sunny Bhawnani and Defendant Vision One Hospitality LLC in this case.

Per the signatures of counsel on the related motion, Defendant Vision One Hospitality, the tenant, <u>consents</u> to the relief sought in this case and the Motion for Summary Judgment, including

foreclosure of the Property and consents to Plaintiff's claims regarding the Property contents, including the Items.

Under Fed R. Civ. P. 56, summary judgment "shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." A material fact is one that might affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505, 2509-10, 91 L.Ed. 2d 202, 211-2 (1986). *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265, 273-4 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, summary judgment for the moving party is proper." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). *See also Cray Comm'ns, Inc. v. Novatel Computer Syss., Inc*., 33 F.3d 390, 393-395 (4th Cir. 1994).

The inquiry of the trial court is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 259, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986) Per the Court's prior orders and the record, there are no genuine issues of material fact as to the default on the Note, Deed of Trust, and Lease, entitling Plaintiff to judgment as a matter of law.

Accordingly, as the Court previously held, [Document # 24, 41 and 42] the Defendants failed to make payments as required by the Note, Deed of Trust, and Lease, entitling Plaintiff to accelerate the sums due, to which these Defendants have failed to present any affirmative defenses under North Carolina law, which applies in this case. *In re Fortescue***,** 75 N.C. App. 127 (N.C. Ct. App. 1985)**.**

As a matter of law and equity, Plaintiff is entitled to a judgment and decree of foreclosure and any resulting deficiency sought in Count I of the Second Amended Complaint as to the Note and

Deed of Trust as provided by 28 U.S.C. §2001 *et seq* and any purchaser of the Property is entitled to possession of the Property per Count II of the Second Amended Complaint. As holder of these instruments, Plaintiff has standing to bring an action on the note or pursue a foreclosure action. *United States v. Cardwell*, 2008 U.S. Dist. LEXIS 18875; *United States v. Pinkerton*, 86 A.F.T.R.2d (RIA) 5742.

As holder of the Instruments, Plaintiff has standing to bring an action on the Note or pursue a foreclosure action. *Langston v. Brown*, 260 N.C. 518; 133 S.E.2d 180; (1963); *G.E. Capital Mortgage. Services, Inc. v. Neely*, 135 N.C. App. 187; 519 S.E.2d 553; (N.C. Ct. App. 1999) *citing Bank v. Whitehurst*, 203 N.C. 302, 308, 165 S.E. 793, 795 (1932). As holder of the superior Deed of Trust, Plaintiff named all adverse parties claiming interests in the Property to which this action shall be determinative. *Jones v. Williams,* 155 N.C. 179; 71 S.E. 222 (1911).

An acceleration clause in a mortgage confers a contract right upon the note or mortgage holder which it may elect to enforce upon default through a foreclosure action. *In re Sutton Invest., Inc.*, 46 N.C. App. 654, 266 S.E.2d 686 (N.C. Ct. App. 1980); *Shaw v. La Notte, Inc.*, 92 N.C. App. 198, 202; 373 S.E.2d 882, 884-85; (N.C. Ct. App. 1988).

Pursuant to Fed. R. Civ. P. 56, and by consent of the Defendant Vision One Hospitality, Plaintiff's Motion for Summary Judgment is granted as Plaintiff is entitled to a final judgment and decree of foreclosure and sale regarding the Property described below and accordingly it is ordered and adjudged as follows:

1. Plaintiff is entitled to entry of a final judgment and decree of foreclosure against the Defendant Mantiff Company and Mantiff Defendants who are indebted to Plaintiff for the sums due and owing on the Note and Deed of Trust since June 10, 2009, the date of last payment on the Note and Deed, as set forth in Plaintiff's Verified Motion for

TRO(Document # 20, Exhibit E) through date of judgment, plus interest and other costs which Plaintiff is advancing in order to protect its security interest in the Property, as provided by Plaintiff's Note and Deed of Trust forming the basis for this action.

2. Plaintiff holds a lien for the total sum of $5,100,000.00, superior to and upon any and all property, rights to property, claim or estate of the Defendants against the Property, located within this District and Division, which is secured as collateral for Plaintiff's Note, per the Deed of Trust, including fixtures, personal property and rents derived from the Property, more particularly described in the Exhibits attached to Plaintiff's Complaint as follows:

Being situated in the City of Statesville, Statesville Inside Township Iredell County, North Carolina and being the identical property conveyed to Statesville Ho-Jo Associates by deed recorded in Deed Book 712, Page 810, Iredell County Registry and being described as follows:

Beginning at a 5/8" iron rod set in the northern margin of the right of way of Garner Bagnal Blvd (formerly known as Monroe Street) which iron rod marks the southwestern corner of property owned by Kenneth K. Kilpatrick, et al, said point beginning being situated N 59 19 23 W 557.85 feet (grid distance) or 557.92 feet (horizontal ground distance) from "MAID", a North Carolina Geodetic Survey Marker having NAD 83 grid coordinates X = 1,448,807.84 and Y = 740,658.67 said point of beginning having NAD 83 grid coordinates X = 1,448,328.06 and Y = 740,943.28 and runs thence from said point of beginning with the north margin of the right of way of Garner Bagnal Blvd the following courses and distances: N 60 09 37 W 127.24 feet to an existing ½" iron rod, N 65 13 37 W 127.44 feet to a nail set in a driveway, N 68 50 37 W 93.98 fee to a ½" iron rod set, N 70 16 27 W 141.87 feet to an existing ½" iron rod, which iron rod marks the southeastern corner of property owned by Service Station Realty, Inc., thence with the eastern line of the Service Station Realty, Inc. Property N 02 41 44 E 250.06 feet to an existing 5/8" iron rod marking the southeastern corner of property owned by Cecil K. Barger; thence with the eastern line of the Barger Property N 02 41 44 E 312.54 feet to an existing ½" iron rod in the center of the Norfolk-Southern Railway right of way; thence with the center of the Norfolk-Southern Railway right of way the following courses and distances: S 75 56 42 E 92.27 feet to a nail, S 73 32 57 E, 99.00 feet to a nail, S 70 40 22 E 101.00 feet to a nail, S 67 45 07 E 99.00 feet to an existing ½"

iron rod, and S 65 30 37 E 49.77 feet to an existing ½" iron rod, thence leaving the center of the Norfolk-Southern Railway right of way and running with the western line of property owned by St. Paul's Lutheran Church S 03 15 23 W 140.52 feet to an existing ½" iron rod and S 03 15 23 W 159.36 feet to an existing ½" iron rod, thence with the southern line of the St. Paul's Lutheran Church Property S 89 21 12 E 194.80 feet to an existing 5/8" iron rod, corner of the property owned by A & H Leasing Company, thence with the lines of the A & H Leasing Company Property S 31 40 08 W 116.85 feet to an existing 5/8" iron road and N 89 19 02 W 37.63 feet to an existing ½" iron rod and S 02 07 48 W 100.02 feet to an existing ½" iron rod marking the northwestern corner of property owned by Kenneth K. Kilpatrick, et al, thence with Kilpatrick's line, S 31 01 12 W 137.64 feet to the point of beginning, containing 6.4044 acres by the coordinate method.

3. Plaintiff's lien is prior, paramount and superior to all rights, claims, liens, interests, encumbrances and equities of the Defendants and all persons, firms or corporations claiming by, through or under these Defendants or any of them, since the filing of the Lis Pendens.

4. Pursuant to 28 U.S.C. § 2001 *et seq*, the United States Marshal shall cause notice of the public sale of the Property to be published once a week for at least four weeks prior to the sale in at least one newspaper regularly issued and of general circulation in Iredell County, North Carolina, and shall sell the Property at the Courthouse for Iredell County, North Carolina at the usual hour and location for public sale, on any convenient date set by the Marshal, as stated in the published notice of sale. The Marshal shall also post notice of the sale in the area designated by the Iredell County Clerk of Superior Court for at least 20 days prior to the sale.

5. Under 28 U.S.C. § 566, it is the duty of the United States Marshal to enforce the decree of the United States District Court and under 28 U.S.C. § 2001 *et seq,* 28 U.S.C. § 564 and per N.C. Gen. Stat. § 1-339.3A, *et seq,* the United States Marshal is appointed and authorized to exercise the same powers in conducting the sale as a

Commissioner and/or Trustee under Plaintiff's Deed of Trust, or other official customarily conducting foreclosure sales in Iredell County, North Carolina, such as the Clerk of Superior Court, in order to yield the best sale price of the Property through free, fair, and competitive bidding.

6. If Plaintiff is the successful bidder at the sale, the amount due on its Deed of Trust may be used as the equivalent of cash. The Marshal and/or Clerk shall credit on the bid of the Plaintiff the total sums found to be due to the Plaintiff, or such portion as may be deemed necessary to pay fully the bid of the Plaintiff.

7. If not the purchaser at sale, then Plaintiff shall advance all subsequent costs of this action and shall be reimbursed for them by the Marshal if the Plaintiff is not the purchaser of the Property at the sale. If Plaintiff is the purchaser, the Marshal and/or Clerk shall credit the Plaintiff with the total sum advances with interest and cost accruing subsequent to this Judgment or such portion as is necessary to pay the bid in full.

8. In conducting the sale, the Marshal shall require the highest bidder, other than Plaintiff, to make a cash deposit of five percent (5%) of the bid as earnest money and as evidence of good faith, with the balance of the bid to be paid to Plaintiff, through counsel of record, in cash, certified or cashier's check within ten (10) days after the sale.

9. Should the person making the highest bid at the sale fail to comply with the bid terms by not depositing the five percent (5%) in cash, then the Property shall be resold at such bidder's risk on the same sales date, or some subsequent date, as the Marshal may find convenient and advantageous. Should the last and highest bidder fail to

comply with the subsequent bid terms within ten (10) days of the final acceptance of the bid and not tender the balance, the entire deposit shall be forfeited and the Marshal shall re-advertise and resell the property on the same terms and at the bidder's risk on a subsequent sales day, at the same location.

10. Upset bids may be made within ten (10) days of the foreclosure sale. Upset bids must be at least 5% higher than the winning bid offered at the foreclosure sale, and upset bidders must tender a deposit of at least 5% of the purchase price at the time the upset bid is made. If an upset bid is made, the period for making other upset bids shall be extended a further ten days from the date of the original upset bid. Any additional upset bid(s) shall also be followed by a ten day period during which time further upset bids may be made.

11. Upon full compliance with the terms of sale, the Marshal shall convey title in fee simple to the purchaser, or nominee, through the filing of a Marshal's Deed and/or Certificate of Title, in the local land records office, as provided by applicable state law, as well as filing a Report of Sale as soon as possible after the sale and, as provided by applicable state law, the Defendants and all persons claiming under or against it since the filing of the Lis Pendens are foreclosed of all estate, claim right, title, interest and equity of redemption in the Property and any part of the Property.

12. Upon filing of the Marshal's Deed and/or issuance of Certificate of Title, the sale proceeds shall be applied to Plaintiff's costs and disbursements of this action, to the expenses of sale, including documentary stamps affixed to the Marshal's Deed if applicable, the total sum due to Plaintiff less the items paid, plus interest at the rate

prescribed by law in this state from this date to the sale date, retaining any remaining proceeds pending further order of the Court.

13. Plaintiff or any other purchaser at the foreclosure sale is granted possession of the Property, its improvements, fixtures and other contents and, if applicable, the Marshal, his or her deputies and agents, are authorized and directed to take any and all action to remove any persons and their belongings from the Property. If applicable, the Defendants, occupants of the Property, and all others shall vacate the Property at the direction of the Marshal and shall not commit waste, damage or vandalism against the Property or do anything to impair its value, and violation of these conditions will be punishable by contempt of Court. This section is inapplicable if Plaintiff repurchases the Property at sale.

14. The Court retains jurisdiction to issue further judgments and orders as are proper, including determination of further attorneys' fees and costs due to Plaintiff as a result of this foreclosure action as well as entry of an applicable deficiency judgment against the Mantiff Defendants.

**SO ORDERED.**

Signed: August 31, 2010

*Richard L. Voorhees*
Richard L. Voorhees
United States District Judge