IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

Civil Action No.: 5:09-cv-00118-RLV-DSC

TELESIS COMMUNITY CREDIT UNION, )
)
    Plaintiff, )
vs. )
)
MANTIFF 1215 STATESVILLE )
HOSPITALITY LLC, A/K/A ) **FINAL ORDER CONFIRMING**
VISION ONE HOSPITALITY ) **FORECLOSURE SALE**
MANAGEMENT, LLC, )
PRAKASH VYAS, )
FALGUN DHARIA, )
SHAILENDRA KUMAR BHAWNANI A/K/A )
SUNNY BHAWNANI, )
VISION ONE HOSPITALITY, LLC, ) **[Fed. R. Civ. P. 55]**
)
)
    Defendants. )
)

**ORDER GRANTING PLAINTIFF'S MOTION TO CONFIRM FORECLOSURE SALE**

Pursuant to 28 U.S.C. § 2001 *et seq* the Court finds as follows:

On September 1, 2010, the Court granted Plaintiff's motion for a judgment and decree of foreclosure of commercial real property known as 1215 Garner Bagnal Boulevard, Statesville, North Carolina, 28677 [the "Property"], amended on September 16, 2010 to permit Nationwide Trustee Services, Inc., to conduct the foreclosure sale as Substitute Trustee.

The Substitute Trustee's Report of Sale [Doc 51] shows that the sale took place on October 20, 2010, as Plaintiff placed a

credit bid with the Substitute Trustee and purchased the Property. As purchaser and mortgagee, Plaintiff was not required to pay the sale price. The upset bid period has expired with no upset bids. Per its Amended Motion to Confirm Foreclosure [Doc 53], to which no response or objection has been filed, Plaintiff seeks confirmation of the sale and the resulting deficiency.

As established by the United States Supreme Court, confirmation of the sale is required as "a bidder at a sale by a master, under a decree of court, is not considered a purchaser until the sale is confirmed." ***Ballentyne v. Smith***, 205 U.S. 285, 288 (1907 U.S.) As shown by the record, Plaintiff purchased the Property, entitling it to confirmation as the new owner.

A mortgage represents security for a loan, not full payment. In taking a mortgage a lender does not agree, absent a waiver of its right to a deficiency, to look only to the property for satisfaction of the debt. If a foreclosure fails to bring enough to pay the debt in full, the lender is entitled to bring an action for a deficiency judgment as a matter of course. ***FDIC v. Prince George Corp.***, 58 F.3d 1041; 1995 U.S. App. *citing* ***Perpetual Bldg. & Loan Ass'n of Anderson v. Braun,*** 270 S.C. 338, 242 S.E.2d 407, 408 (S.C. 1978).

Under North Carolina law, confirmation of a foreclosure sale and a resulting deficiency judgment requires that the property be sold at its fair market value. ***Resolution Trust Corp. v.***

*Cunningham*, 1993 U.S. App. LEXIS 33441. *Appliance Buyers Credit Corp. v. Mason*, 269 N.C. 567; 153 S.E.2d 3; 1967 N.C. LEXIS 1108. The federal standard is that the sale is to be confirmed, unless the price is so inadequate as to shock the conscience. *Magnolia Springs Apartments,* Inc., 323 F.2d 726, 728; 1963 U.S. App. LEXIS 3897, *Ballentyne v. Smith* at 290.

The report of sale [Doc 51] shows that on October 20, 2010, Plaintiff purchased the Property for $3,000,000.00, as a credit bid against the sums due on its Note and Deed of Trust for $5,073,935.62, a sum which equals Plaintiff's Appraisal [Doc 52, Exhibit 3], showing that the Property has a fair market value of $3,000,000.00, [Appraisal p. viii, p. 1, p. 59, p. 89, p. 91 and p. 93] which meets the North Carolina and federal standards.

Per its current affidavit, Plaintiff reports that it received revenue from the Property since the takeover on February 14, 2010, for $1,078,501.73, however, Plaintiff ultimately operated the Property at a loss of $102,469.00. Therefore, the Defendants are not entitled to credit for any revenue from the Property, which is being operated at a loss.

Deduction of the above credit bid from the original principal balance then results in a deficiency in the principal sum of $2,073,935.62, plus interest on the principal accumulating at the rate of 7.25% from June, 2009. No written objection to the sale was filed within the time period as allowed by law and it appearing

that the sale of the Property was reasonable, proper and should be confirmed it is

ORDERED, ADJUDGED and DECREEED that Plaintiff's Motion to Confirm Foreclosure is **GRANTED**, the sale of the Property and its contents is approved and confirmed. Plaintiff is the owner of the property and the Substitute Trustee is directed to execute and deliver a Deed of Sale for the Property to Plaintiff, free and clear of all liens. Plaintiff's previously posted bond of $1,000,000.00 is released and discharged, which Plaintiff may withdraw, to which no claims were made. [Doc 24, 29 and 30] Per the Court's prior order [Doc 42], Plaintiff may dispose of the contents of the Property.

A final deficiency judgment is confirmed and entered against Defendant Mantiff 1215 Statesville Hospitality, LLC a/k/a Vision One Hospitality Management, LLC, Prakash Vyas and Falgun Dharia, for the principal sum of $2,073,935.62, plus interest on the principal accumulating at the rate of 7.25% from June, 2009, plus the costs of this action, for which execution shall issue.

The Clerk shall enter this judgment as a final order and will close this case. The court nevertheless retains jurisdiction to enter and enforce any orders needed to effectuate the judgment.

Signed: December 1, 2010

Richard L. Voorhees
United States District Judge